995 F.2d 233
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Salvador DeSANTIAGO-MARTINEZ, Defendant-Appellant.
 No. 92-50345.
 United States Court of Appeals, Ninth Circuit.
 Submitted May 7, 1993.*
Decided June 3, 1993.
 
 Before KOZINSKI, SUHRHEINRICH** and T.G. NELSON, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 The waiver provision in the plea agreement is far from a model of clarity, and if read literally, supports defendant's interpretation that he waived only those sentencing issues under 19 U.S.C. § 3342(a) not listed in paragraphs 11(a) through (f) of the plea agreement. Cf. United States v. Bolinger, 940 F.2d 478, 479 (9th Cir.1991) (waiver found where plea agreement expressly stated that the defendant "hereby waives any right to raise and/or appeal any and all ... objections which defendant has asserted or could assert").[1] The government must bear the brunt of this ambiguity. United States v. Anderson, 970 F.2d 602, 607 (9th Cir.1992), amended --- F.2d ---- (9th Cir. April 22, 1993).
 
 
 3
 Having said this, the fact remains that defendant specifically agreed in paragraph 11(b) of the plea agreement that he "is entitled to a two-level upward role adjustment under 3B1.1 under the guidelines because [he] was an organizer, leader, manager, and supervisor of the conspiracy." The district court did nothing more than give effect to that which defendant had bargained for. See United States v. Escamilla, 975 F.2d 568, 571 (9th Cir.1992) (application of contract law to plea agreements is premised on notion that the negotiated guilty plea represents a bargained for quid pro quo).
 
 
 4
 Nor did the district court err in denying a two-level decrease for acceptance of responsibility. Defendant's statements to the probation officer minimizing his role in the offense qualify as conduct inconsistent with his prior acknowledgement in the plea agreement of his role as an organizer or leader. See U.S.S.G. § 3E1.1, comment n. 3; United States v. Ford, 989 F.2d 347 (9th Cir.1993) (district court did not err in refusing to grant a reduction based on acceptance of responsibility after accepting factual finding in presentence report that despite guilty plea, the defendant "minimalized" and "rationalized" his behavior, "projected blame on others" and appeared to show true acceptance only "when he [was] pushed to do so").
 
 
 5
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); Ninth Circuit Rule 34-4
 
 
 **
 The Honorable Richard F. Suhrheinrich, Circuit Judge for the United States Court of Appeals for the Sixth Circuit, sitting by designation
 
 
 ***
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by the Ninth Circuit Rule 36-3
 
 
 [1]
 United States v. DeSantiago-Martinez, 980 F.2d 582 (9th Cir.1992), did not consider this issue and thus lends no support to the government's claim